# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS WATSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>JURY TRIAL DEMAND** |

Plaintiff, THOMAS WATSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY (hereinafter "Defendant") and its employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the City of Newark, County of Essex, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a foreign company with its executive offices located at 2491 Paxton Street, Harrisburg, PA 17111. Defendant is primarily in the business of collecting debts allegedly due to another, and is therefore a "Debt Collector," as that term is defined by 15 U.S.C. §1692a(6).

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendant that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.
- The Class period begins one year to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§1692e(10)*.*
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11. On or about February 2, 2009, Defendant caused to be delivered to Plaintiff a collection letter addressed to Plaintiff. Upon receipt Plaintiff read said letter. The letter demanded payment of debts allegedly owed by Plaintiff to Jefferson Emergency Assoc., and Lafayette Hospital. A copy of said letter is annexed hereto as **Exhibit A.**

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10).

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 as if the same were set forth at length.

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11. On or about February 2, 2009, Defendant caused to be delivered to Plaintiff a collection letter addressed to Plaintiff. Upon receipt Plaintiff read said letter. The letter demanded payment of debts allegedly owed by Plaintiff to Jefferson Emergency Assoc., and Lafayette Hospital. A copy of said letter is annexed hereto as **Exhibit A.**

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10).

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 as if the same were set forth at length.

13. Collection letters and/or notices such as those sent by Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

14. Section 1692e(10) of the FDCPA prohibits debt collectors from making any false representation or deceptive means to collect or attempt to collect any debt.

15. Defendant violated Section 1692e(10) of the FDCPA by mailing a letter to Plaintiff in an attempt to collect debts allegedly due to another, which stated in part, "Your account remains unpaid and the 30 days have passed since our initial letter was sent to you.  Therefore, we are permitted under Federal Law to assume that this debt is valid" when there is no such provision under Federal Law, which allows a debt collector to assume a debt is valid just because the alleged debt remains unpaid and thirty (30) days have past since the initial letter was sent by the debt collector. *See* **Exhibit A.**

16. Defendant's letter would cause the least sophisticated consumer to believe that a debt collector is permitted under Federal Law to assume a debt is valid just because the alleged debt remains unpaid and thirty (30) days have passed since the initial collection letter was sent.

17. By reason thereof, Plaintiff has sustained damages when Defendant sent a collection letter in an attempt to collect a debt, which falsely represented the Federal law and was misleading to the least sophisticated.

18. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692e(10), of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Fairfield, New Jersey
　　　　June 5, 2009

　　　　　　　　　　　　　　　　　　s/ *Joseph K. Jones*
　　　　　　　　　　　　　　　　　　Joseph K. Jones (JJ-5509)
　　　　　　　　　　　　　　　　　　Law Offices of Joseph K. Jones, LLC
　　　　　　　　　　　　　　　　　　375 Passaic Avenue, Suite 100
　　　　　　　　　　　　　　　　　　Fairfield, New Jersey 07004
　　　　　　　　　　　　　　　　　　(973) 227-5900
　　　　　　　　　　　　　　　　　　(973) 244-0019 facsimile
　　　　　　　　　　　　　　　　　　jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>  s/ *Joseph K. Jones*
>  Joseph K. Jones (JJ-5509)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 5, 2009

>  s/ *Joseph K. Jones*
>  Joseph K. Jones (JJ-5509)

# Exhibit

# A

**NATIONAL RECOVERY AGENCY**
A PROFESSIONAL COLLECTION AGENCY

PO BOX 67015
HARRISBURG, PA 17106-7015
RETURN SERVICE REQUESTED
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(800) 360-3588

02/02/09

| IN RE: JEFFERSON EMERGENCY ASSOC | TOTAL AMOUNT DUE: $253.00 |
|---|---|
| ACCT#: 7193011060221100000 | DATE OF SERVICE: 02/21/06 |

Q31674/0C2    201 56703857          0001276/0005

Thomas Watson
275 Leslie St # 1
Newark, NJ 07112-1327

SEND TO:
**NATIONAL RECOVERY AGENCY**
PO BOX 67015
HARRISBURG, PA 17106-7015

Dear Thomas Watson,

Your account remains unpaid and the 30 days have passed since our initial letter was sent to you. Therefore, we are permitted under Federal Law to assume that this debt is valid.

This matter needs your immediate attention. Our client has authorized National Recovery Agency to accept a lump sum settlement of 50% of the above balance.

Please contact your account representative at extension 6723 regarding this account.

Your payment should be made directly to this office for prompt credit to your account. For payment options see reverse side of this notice or visit our secure website at www.nationalrecovery.com. A twenty-dollar service charge will be added to all checks returned to us by your bank. Should you desire a receipt, a self-addressed, stamped envelope is required.

\* Below is a listing of all accounts included in the amount due:

| Account # | Regarding | Serv Date | Amt Owed |
|---|---|---|---|
| 7193011060221100000 | JEFFERSON EMERGEN | 02/21/06 | $100.00 |
| 7193011060221153000 | LAFAYETTE HOSPITA | 02/21/06 | $153.00 |

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

Sincerely,

NATIONAL RECOVERY AGENCY

This communication is from a debt collector.

NRA/ALS-C2

**NRA ID #: Q31674**

Calls to or from National Recovery Agency may be monitored or recorded for quality assurance.
PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION